# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| **LOUISE HUNTER; GLORIA HUNTER CARR; JESSIE HUNTER, JR.; ARTHUR HUNTER; ANNIE GRIFFIN; PATRICIA GRIFFIN TAYLOR; JOYCE GRIFFIN BARTON; TOMMY GRIFFIN; IRENE DAVIS; TERRY DAVIS; MOSES DAVIS; MELVIN DAVIS; EDITH MACK; LORENE MACK; and ALEXANDER MACK, individually and as representatives of those similarly situated,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY; and INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY,** <br><br> **Defendants.** | Master File No. C/A No. 3:01-5000-CMC <br><br> MDL DOCKET NO. 1429 <br><br> **OPINION AND ORDER ON TOLLING OF STATUTE OF LIMITATIONS** <br><br> This order relates to the third consolidated amended class action complaint here captioned and the following related civil actions**:** <br> C/A NO. 3:02-1483-CMC <br> C/A NO. 3:01-4506-CMC [1] |

This matter is before the court on "Plaintiff's Objection to the Proposed Order on Tolling." Dkt No. 141. The court established a briefing schedule for the issues raised in Plaintiff's objection by order entered June 24, 2005. *See* Dkt No. 142 in C.A. No. 3:01-5000-CMC (Order). The same

---

[1] The Complaint was filed under the case number given to the multidistrict litigation proceedings. There are, however, two underlying cases at issue: *Jones v. American General Ins. Co.* (later denominated *Mack v. Independent Life*) (D.S.C.C.A. No. 3:01-4506-CMC) and *Hunter, et al v. American General Life and Accident Ins. Co.* (D.S.C.C.A. No. 3:02-1483-CMC). The *Jones/Mack* action was originally filed on May 25, 2000 in the Southern District of Florida. The *Hunter* action was originally filed on February 8, 2002 in the Middle District of Alabama. Both actions were transferred to this district as part of multidistrict litigation proceedings. While the present motion is being addressed under the MDL case number, the Clerk of Court is directed to also enter this order in the underlying separate actions.

order addressed related statute of limitations and other issues raised in Defendants' motion to dismiss. Briefing on the issue is now complete and the matter ripe for resolution.[2]

## BACKGROUND

The present action is a consolidated class action pursued on behalf of several subclasses of individuals. Plaintiffs assert that two of those subclasses (Classes 1 and 2) consist of individuals who were included within the class originally pursued in *McNeil v. American General,* C.A. No. 3-99-1157 (M.D. Tenn), but who were excluded from the settlement class ultimately certified in that action. Plaintiffs argue that these two subclasses are entitled to toll the statute of limitations between the date the *McNeil* action was filed (December 10, 1999), and the date of the final decision in *McNeil* certifying a narrowed settlement class (September 18, 2000).

Defendants present both legal and factual arguments for denying Classes 1 and 2 the benefit of tolling. Most critically, Defendants argue that the tolling doctrine on which Plaintiffs seek to rely is unavailable to *any* later class action. Defendants also argue that neither Class 1 nor Class 2 fall within the original *McNeil* class definition.[3] Finally, Defendants argue that even if available, the period for which tolling would be allowed is not as long as Plaintiffs suggest.

---

[2] Memoranda and evidentiary submissions found at the following docket entries have been considered in reaching the present decision: Dkt No.'s 141; 144-2 through 144-6; 148 (substituted brief for 144-1); and 149-1 through 149-3.

[3] Defendants maintain that the policies covered by Classes 1 and 2 in the present action (nine plan codes listed on Exhibit A to the Complaint) are not "Industrial Policies" within the scope of the originally proposed *McNeil* class definition which encompassed: "all African-American persons who have (or had at the time of the Policy termination), an ownership interest in one or more Industrial Policies issued, serviced or administered by or purchased from American General, and who were harmed by the conduct alleged herein." *McNeil* Complaint ¶ 47. This court need not resolve this essentially factual dispute in light of the court's determination that tolling is not available on legal grounds.

For reasons discussed below, the court concludes that tolling is not available to the subclasses at issue on legal grounds. The court does not, therefore, reach Defendants' additional grounds for denying or limiting tolling.

**DISCUSSION**

The tolling doctrine at issue derives from the United States Supreme Court's decision in *American Pipe and Construction Co. v. Utah,* 414 U.S. 538 (1974). In that case, the Court held that "the commencement of [an] original class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.,* 414 U.S. at 553. *See also id.*, 414 U.S. at 554 ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action").

Not quite a decade later, the Court extended the benefit of tolling to plaintiffs who filed individual actions after denial of certification of a class which, if certified, would have included them. *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345 (1983). In a concurring opinion, however, Justice Powell expressed concerns that the tolling rule was "a generous one, inviting abuse." *Id.,* 462 U.S at 354. Thus, he cautioned that "[t]he rule should not be read . . . as leaving a plaintiff free to raise different or peripheral claims following denial of class status." *Id.*

The Supreme Court has not addressed whether a later class action can rely on the tolling rule announced in *American Pipe* and extended in *Crown*. A number of federal appellate courts have, however, addressed the issue. Through 1998, each of the appellate courts which addressed the question concluded that *American Pipe* tolling was not available to the particular class action before the court. Listed in the order in which they were decided, these cases are: *Salazar-Calderon v.*

3

*Presidio Valley Farmers Assoc.,* 765 F.2d 1334, 1351 (5th Cir. 1985) (noting that plaintiffs had not offered and the court had not found any "authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely"); *Korwek v. Hunt*, 827 F.2d 874, 877 (2d Cir. 1987) (noting that the issue was not raised in a case decided earlier the same year in which reliance on tolling from an earlier class action was allowed); *Robbin v. Flour Corp*., 835 F.2d 213, 214 (9th Cir. 1987); *Andrews v. Orr,* 851 F.2d 146, 149 (6th Cir. 1988) (noting "courts of appeals that have dealt with the issue appear to be in unanimous agreement that the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class"); *Griffin v. Singletary,* 17 F.3d 356 (11th Cir. 1994) (relying on earlier "unanimous" line of cases in declining to allow tolling in slightly different context–quoted in text *infra*); *Basch v. Ground Round, Inc.,* 139 F.3d 6, 11 (1st Cir. 1998) (holding that plaintiffs "may not stack one class action on top of another and continue to toll the statute of limitations indefinitely . . . regardless of how many times a court declines to certify the class").

      While not always expressly addressed, it is significant that each of the later class actions at issue in these cases followed an earlier action in which class certification was denied.  In *Korwek*, for example, the court expressly referred to the presence of an earlier definitive denial in finding tolling should not be allowed. *Korwek,* 827 F.2d at 879 (finding common theme in earlier cases that "the tolling rule . . . was not intended to be applied to suspend the running of statutes of limitations for class action suits filed *after a definitive* determination of class certification; such an application of the rule would be inimical to the purposes behind statutes of limitations and the class action procedure"). *See also Salazar-Calderon,* 765 F.2d at 1351(declining to allow tolling where

4

certification was denied in two prior putative class actions).

By contrast, in *Andrews,* the court spoke in absolute terms in stating that *American Pipe* tolling is not available in a later class action. *Andrews,* 851 F.2d at 149. Class certification had, however, been denied in the earlier class action, although a motion to certify a narrower class was pending at the time the individual plaintiff settled her claims thereby ending the first putative class action. *Id.* Thus, there had been a denial of class certification in the earlier action, though arguably not a "definitive" denial. *See also Basch,* 139 F.3d at 7 (declining to allow tolling in face of two prior class actions, the first of which had been voluntarily dismissed after denial of class certification and the second of which had been voluntarily dismissed before a class certification motion was filed).

In most of these appellate cases, the denial of certification in the initial action had been based on problems with the class itself. One, however, involved an earlier denial based on deficiencies in the class representative. *See Griffin,* 17 F.3d at 359. The *Griffin* court, nonetheless, declined to allow tolling based on its concern that allowing tolling would further prolong the dispute over the propriety of class certification– a dispute which had been ongoing for fifteen years. *Id.* (noting that the case "illustrates the wisdom of the rule against piggybacked class actions," the court "decline[d] to adopt any rule that has the potential for prolonging litigation *about class representation*"–emphasis added). *But see Yang v. Odom,* 392 F.3d 97 (3d Cir. 2004) (reaching opposite result where the earlier action denied certification only because of a deficiency in the class representative).

Two more recent cases have taken a somewhat more lenient approach, allowing a second class action to rely on *American Pipe* tolling, where the later class action would not constitute relitigation of an earlier denial of class certification based on deficiencies in the class iteslf. *See*

5

*Yang,* 392 F.3d 97; *Catholic Social Services, Inc. v. Immigration and Naturalization Service,* 232 F.3d 1139 (9th Cir. 2000). As noted above, *Yang* allowed *American Pipe* tolling in a later class action where class certification had been denied in the first class action based on deficiencies in the class representative. Similarly, in *Catholic Social Services,* the court allowed tolling to apply to a second class action where the earlier action was dismissed due to ripeness concerns, not because of any problems with the class itself. In reaching this decision, the court distinguished its earlier decision in *Robbin* (discussed *supra*), and indicated that it would continue to deny later class actions the benefit of tolling under *American Pipe* where the later class action was an attempt to relitigate issues decided in the earlier action. *Id.,* 232 F.3d at 1147 (noting that "[o]ther circuits agree with *Robbin* . . ., holding that the filing of an earlier class action does not toll the statute of limitations *when the second action is no more than an attempt to relitigate the correctness of the earlier class certification decision*"–emphasis added).[4]

None of the above cases address the specific issue before this court: whether a second class action should be allowed to rely on the *American Pipe* tolling rule when the earlier class definition was voluntarily abandoned in favor of a narrower definition in the context of settlement negotiations. Neither has this court found any Fourth Circuit guidance on the application of the *American Pipe* rule to later class actions.[5]

While none of the above cases addresses the particular issue before this court, they do

---

[4] The Ninth Circuit also noted that at least the Eleventh Circuit had "extended the *Robbin* . . . rule prohibiting relitigation . . . to cases in which a later class of plaintiffs does not disagree with the denial of class certification, but rather tries to cure the deficiency that led to the denial.*" Id.,* 232 F.3d at 1147 (referring expressly to *Griffin*).

[5] Defendants cite two Fourth Circuit opinions which address tolling under *American Pipe*: *Smith v. Pennington*, 352 F.3d 884 (4th Cir. 2003) and *Davis v. Bethlehem Steel Corp.,* 769 F.2d 210 (4th Cir. 1985). *See* Dkt No. 148 at 10-11. While these cases may provide additional grounds for finding tolling unavailable or limited in scope under the circumstances presented in this action, neither addresses the specific issue whether a subsequent class action may take advantage of the *American Pipe* tolling rule.

provide guidance in the form of three central principles. The first, as suggested by Justice Powell's concurring opinion in *Crown*, is that *American Pipe* tolling rule should not be interpreted so generously as to invite abuse. The second, common to all of the above cases, is that tolling should not be allowed where it would allow or encourage relitigation of decided issues. The third, more general rule suggested by the majority if not all of the cases, is that the *American Pipe* tolling should not be allowed where it is adverse to the interests of judicial economy. *See, e.g., Basch,* 139 F.3d at 11 (noting concern that stacked tolling could continue litigation indefinitely); *Griffin,* 17 F.3d at 359 (declining, in face of fifteen-year-old litigation, "to adopt any rule that has the potential for prolonging litigation about class representation"). Collectively, these concerns militate against applying *American Pipe* tolling under the circumstances presented in the present case: where a later class action seeks tolling based on the voluntary narrowing of the class definition in the earlier class action.

The initial difficulty posed by allowing tolling under these circumstances is that it encourages the filing of (initial) class actions with overly broad (or vague) class definitions in at least two ways. First and most obviously, it would encourage overly broad definitions because all later class actions falling within the definition would benefit from tolling so long as counsel in the first action narrows the definition voluntarily before a final class certification decision. It would also encourage use of overly broad definitions solely to leverage settlement for a narrower class. Critically, in both instances there is no downside to use of an excessively broad initial definition and no effective encouragement to define only the class counsel truly intends to pursue. At the very least, such a rule would discourage careful crafting of appropriately narrow and clear class definitions.

A second, related concern is that allowing tolling under these circumstances encourages spin-off litigation, rather than requiring resolution of all of the class certification issues in the original

7

action in which they are raised. Thus, as occurred in this situation, counsel could initially pursue a broad definition in one jurisdiction, voluntarily narrow it for settlement purposes, dismiss any remaining claims, and then revive the dismissed claims in multiple suits in other jurisdictions while gaining the benefit of tolling from the earlier litigation.

The potential for spin-off litigation is a particular concern because the later court(s) may be required to inquire into the reasons behind the voluntary narrowing of the class definition in the original litigation. This is because the "voluntary" narrowing may have resulted from the earlier court indicating, even prior to the filing of a certification motion, that it would not certify the class as originally defined. Under these circumstances, the voluntary narrowing is not much different from a decision denying certification of the broader class.

To determine why the definition was voluntarily narrowed in the original action, the court(s) with the later class action(s) would need to inquire not only into the written orders filed in the earlier action, but also into comments made in hearings and conferences. Not all of these are likely to have been transcribed, even presuming a record exists of all comments. Inquiry might also be required into the original court's rulings in other cases, recognizing that the court's decision on a similar issue may have prompted the voluntary narrowing.

Such inquiries strike this court both as necessary to avoid an abuse of the tolling rule and as an inordinate waste of judicial resources. There are, on the other hand, other means of preserving the class' legitimate interest in tolling. First and most obviously, putative class counsel could follow through with the class certification process in the originally filed class action. This would insure that the same judge heard and decided all related issues. It would also insure that no later court had to inquire into what motivated the earlier narrowing of the class definition. Second, counsel in the first

8

action could seek an agreement to allow *American Pipe* tolling in later class actions, particularly where the initial class definition was narrowed as part of a settlement agreement. Absent such an agreement or clear legal precedent favoring tolling, there can be no assumption of a mutual intent or expectation that tolling would apply. Even without these means, the carved out putative class members retain the right to rely on *American Pipe* tolling if they file individual actions.

## CONCLUSION

For the reasons set forth above, this court concludes that *American Pipe* tolling is legally unavailable to Classes 1 and 2 in the present action. Having determined that tolling is legally unavailable, the court declines to address whether the members of Class 1 and Class 2 were, in fact, included within the class initially pursued in *McNeil*. Likewise, the court declines to decide the point at which any tolling ended.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 23, 2005